IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

SEP 25 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

RODERICK EVERETT, JR,

        Petitioner,

v.                                        CRIMINAL NO. 4:16cr35

UNITED STATES OF AMERICA,

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Roderick Everett, Jr.'s ("Petitioner") Motion for Compassionate Release. ECF Nos. 34 and 38. For the reasons stated below, Petitioner's Motion is **DENIED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On November 3, 2015, Petitioner facilitated the sale of marijuana to an unnamed individual in Hampton, Virginia. ECF No. 26. During that meeting, Petitioner shot and wounded the individual. *Id*. Petitioner was later named in a 3-count indictment for Distribution of Marijuana in violation of 21 U.S.C. § 841, Discharge of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c), and Felon in Possession of a Firearm and Ammunition, in violation of 18U.S.C. § 922(g)(1). *Id*. Defendant pled guilty on August 8, 2016 to Count 2 of the superseding indictment for Discharge of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c). ECF No. 20. Petitioner was later sentenced to 120 months imprisonment and 5 years supervised release on December 7, 2016. ECF No. 30.

On June 23, 2020, Petitioner filed a request for compassionate release with the Federal Bureau of Prisons ("BOP"). ECF No. 34. Petitioner then filed a *pro se* letter motion for

1

compassionate release on July 22, 2020. *Id.* That same day, the Court directed the Federal Public Defender to represent Petitioner and ordered the appropriate responses. ECF Nos. 35. Petitioner, through counsel, supplemented his *pro se* filing on August 20, 2020. ECF No. 38. The Government responded in opposition on September 4, 2020. ECF No. 41. Petitioner replied to the Government's response on September 14, 2020. ECF No. 42. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be

modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the BOP on June 23, 2020. ECF No. 34. Petitioner then waited 29 days to file the present motion, just one day shy of the 30-day requirement. At this juncture, however, over 30-days have lapsed and neither party has produced any evidence to determine whether the BOP has reviewed, denied, or granted Petitioner's request for compassionate release. At any rate, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, the Court will waive the exhaustion requirement due to the ongoing threats COVID-19 imposes.

### B. Resolution of the Defendant's Request for Compassionate Release

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. Although Petitioner was only convicted of discharging a firearm in furtherance of drug trafficking, Petitioner critically wounded an individual during the underlying drug trafficking offense. ECF No. 36 ("The defendant admitted that he shot the individual."). The facts of Petitioner's case clearly indicate that his offense conduct could have included charges for Malicious Wounding or even Attempted Murder. Furthermore, Petitioner has a Criminal History Category of V and Petitioner's mandatory guidelines range was 5 years to life at the time of sentencing. Based on the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the

seriousness of the offense...and to provide just punishment" as well as to deter participation in criminal conduct that may culminate in crimes of violence. 18 U.S.C. § 3553(a)(2)(A)–(B).

In furtherance of its evaluation of the § 3553(a) factors, the Court also considers that Petitioner has served over 50 months of his sentence and maintains no disciplinary record. ECF No 38. He has also participated in rehabilitative programming including several business-related classes and drug-related programming. *Id.* However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his asthma, difficulty breathing, and sickle cell trait as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 38 at 3. The Court notes that the CDC lists asthma as a medical condition that may cause an "increased risk of severe illness from COVID-19." [1] The Court, however, is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's failure to produce any medical records to support his claims. Petitioner's only evidence in support of his alleged medical conditions is limited to the

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

following one sentence statement: "Mr. Everett is prescribed an Albuterol inhaler. PSR at ¶ 58, Everett Medical Records 081718-081719 at PDF pp 1, 3, 11; Everett Medical Records 081719-081720 at PDF p.14." *Id.* While Petitioner cites to medical records, Petitioner has not supplied these records to the Court. Furthermore, even though Petitioner does cite to paragraph 58 of Petitioner's Presentence Investigation Report as evidence of Petitioner's asthma, that paragraph summarily indicates that Petitioner uses an inhaler, but has not suffered an asthma attack since 2007. ECF No. 36. Based upon the evidence before the court, the length of time since Petitioner's last asthma attack suggests that Petitioner's asthma is well-maintained. Accordingly, Petitioner has failed to produce enough information about his medical issues to show a heightened risk of severe illness or death. *See United States v. Dickson*, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) ("[petitioner] offers no proof, such as medical records that would substantiate [underlying health issues]"); *United States v. Clark*, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release because the petitioner failed to supply medical records to substantiate medical claims).

Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
September 26, 2020

/s/
Raymond A. Jackson
United States District Judge

6